**DLD-246**                                                                                          **NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 15-1900
_____

IN RE:  JAMES C. PLATTS,
                                    Petitioner
_____

On a Petition for Writ of Mandamus from the
United States Tax Court
(Related to No. 006180-07 L)
_____

Submitted Pursuant to Rule 21, Fed. R. App. P.
June 18, 2015

Before: FISHER, SHWARTZ and GREENBERG, <u>Circuit</u> <u>Judges</u>

(Opinion filed: June 23, 2015)
_____

OPINION[*]
_____

PER CURIAM

　　　James C. Platts has filed a petition for a writ of mandamus.  In his petition, he

presents details of his dispute with the Internal Revenue Service ("IRS") dating back to at

least 1999.  To summarize briefly, Platts states that he made payments to the IRS in order

to release disputed tax liens, pending the resolution of the disputes.  He contends that the

IRS cashed his payments without crediting those funds to his taxpayer account, resulting

_____
[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not
constitute binding precedent.

in an overpayment to the IRS totaling approximately $200,000.00. Platts also alleges that his requests for hearings under 26 U.S.C. § 6330 were ignored, depriving him of due process. In 2007, Platts filed a Tax Court petition against the Commissioner of Internal Revenue to present his claim for the overpayment. The Commissioner filed a motion to dismiss on mootness grounds, which Platts characterizes as a fraudulent misrepresentation to the Tax Court. The Tax Court granted the Commissioner's motion and dismissed the case in December 2007. Platts asserts that he did not receive timely notice of the dismissal, depriving him of the opportunity to appeal to this Court. Thus, Platts seeks an order to compel the Tax Court to vacate its dismissal order, reopen his case, and grant an evidentiary hearing regarding payments made and balances owed to either party. Platts further suggests that the Tax Court should consolidate his reopened case with his currently pending Tax Court matter.

Platts invokes 28 U.S.C. § 1651 in seeking mandamus relief. Section 1651 confers jurisdiction on this Court to issue a writ of mandamus "in aid of" our jurisdiction. 28 U.S.C. § 1651(a). Upon review of the docket in the Tax Court case at issue here, we note that the Tax Court directed Platts to respond to the Commissioner's motion to dismiss, and, having received no response by the stated deadline, the Tax Court dismissed the case in 2007. We also note that more than six years passed before Platts filed a motion to vacate the dismissal order, which the Tax Court denied in March 2014. Given that the underlying matter in the Tax Court has been dismissed and has not been reopened, and there is no longer any possibility that our appellate jurisdiction may attach,

2

there is no action as to which a writ of mandamus might aid our jurisdiction. See United States v. Christian, 660 F.2d 892, 894 (3d Cir. 1981) (explaining that, "[b]efore entertaining" a petition for a writ of mandamus, "we must identify a jurisdiction that the issuance of the writ might assist," including appellate jurisdiction "at some future time"). Because Platts seeks an order to compel action by the Tax Court in his dismissed tax matter, we find that issuing a writ of mandamus is not "necessary or appropriate in aid of" our jurisdiction within the meaning of § 1651(a). Accordingly, we must deny the petition.

Further, mandamus is an "extraordinary" and "drastic" form of relief. See In re Diet Drugs Prods. Liab. Litig., 418 F.3d 372, 378-79 (3d Cir. 2005). Even when a petitioner shows the absence of other adequate means to obtain the requested relief, and also establishes a "clear and indisputable" right to issuance of the writ, our exercise of mandamus power is largely discretionary. See In re Kensington Int'l Ltd., 353 F.3d 211, 219 (3d Cir. 2003). Under the circumstances of this case, we would decline to exercise our mandamus power to grant extraordinary relief.

For the foregoing reasons, we will deny the petition for a writ of mandamus.